UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ALETO, | Case No. EDCV 15-0842-RGK (JEM) |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Eric Aleto ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").

In accordance with the provisions of the Prison Litigation Reform Act of 1995, the Court must screen the Complaint before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in

the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. Id. at 623. Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

After careful review and consideration of the Complaint under the relevant standards and for the reasons discussed below, the Court finds that the Complaint must be **DISMISSED WITH LEAVE TO AMEND.**

## FACTUAL ALLEGATIONS

Plaintiff's claims arise out of his confinement at the Ironwood State Prison in Blythe, California. He names as defendants the State of California, the California Department of Corrections and Rehabilitation ("CDCR"), and Jerry Brown, the Governor of the State of California ("Governor Brown"). (Complaint at 2-3.) Plaintiff seeks injunctive relief only. (Complaint at 9.) Plaintiff asserts the following three claims for relief.

In his first claim for relief, Plaintiff alleges that state law criminalizing Plaintiff's behavior caused by his mental illness violates his Eighth Amendment right to be free from cruel and unusual punishment. (Complaint at 5.) On August 2, 2013, Plaintiff was found guilty after a jury trial of several charges "related to the sexual molestation of a family member under the age of ten years old." (Complaint at 9.) Plaintiff was sentenced to a total of 50 years to life in state prison. (Complaint at 9.) According to Plaintiff, he suffers from a mental illness that he cannot control, he does not understand, and can do nothing about. (Complaint at 12.) Yet, Plaintiff alleges, instead of helping Plaintiff with his mental illness, the State is punishing him for being sick. (Complaint at 12.) Plaintiff argues the "State of California is violating Plaintiff's Eighth Amendment rights to be free from cruel and unusual punishment by administering a criminal sentence in State prison for acts he committed as the result of a mental disorder." (Complaint at 9 (stating: "The State is punishing Plaintiff for being mentally ill.").) He states:

> The fact that the State has the [Sexually Violent Predator Act ("SVPA")[1]] law and the treatment programs in the Mental Health care

---

[1] The SVPA, Cal. Welf. & Inst. Code §§ 6600 et seq., provides for the civil commitment of "a person who has been convicted of a sexually violent offense against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." Cal. Welf. & Inst. Code § 6600(a)(1).

1 |     system available to treat people suffering from this type of disorder, and
2 |     [is] not making this treatment available to Plaintiff, and [the State is]
3 |     instead punishing him with incarceration, is clear demonstration that
4 |     [the State] [is] deliberately indifferent to the Eighth Amendment rights of
5 |     Plaintiff to be free from cruel and unusual punishment.

6 (Compaint at 12.) For relief, Plaintiff seeks legislative changes in the form of a "state law
7 that commits him to a state hospital for treatment of his mental illness" and "changes to [the]
8 state law that criminalizes the mental disorders that caused Plaintiff to commit the charged
9 offenses." (Complaint at 17.)

10     In his second claim for relief, Plaintiff claims the failure to provide him with sex
11 offender treatment violates his Eighth Amendment right to be free from cruel and unusual
12 punishment. (Complaint at 6.) According to Plaintiff, although CDCR provides "a plethora
13 of programs designed to help with the mental well-being and rehabilitation of prisoners"
14 (Complaint at 13), CDCR provides no specialized treatment for Plaintiff's mental illness that
15 caused him to commit the sex offenses for which he is incarcerated. (Complaint at 6, 13.)
16 Thus, convicted sex offenders "simply languish for years or even decades without any
17 chance of being treated or cured." (Complaint at 14.) Plaintiff states he "needs to be
18 treated for the mental disorder that caused him to be unable to control his urges", yet CDCR
19 provides no such help. (Complaint at 14.) He seeks a federal court order directing the
20 State and CDCR to design and implement mental health and rehabilitative programs to treat
21 sex offenders. (Complaint at 8.)

22     In his third claim for relief, Plaintiff claims the failure to provide a safe living
23 environment for sex offenders violates his constitutional right to be free from cruel and
24 unusual punishment. Plaintiff states he lives in constant fear due to CDCR's housing
25 policies. (Complaint at 7; see id. at 15-16.) He explains that convicted sex offenders are
26 housed in an environment with gang members "that often assault, stab, and victimize the
27 inmates serving sentences for sex crimes." (Complaint at 7; see id. at 15-16 (stating that
28 many inmates are beaten, stabbed, and victimized by gangs every year).) Plaintiff states

4

"CDCR is fully aware of these gangs and their activities."  (Complaint at 16 ("CDCR knows about this situation and yet they allow it to continue.")).)  He seeks a federal court order directing the State and CDCR to design and implement prison housing programs where only convicted sex offenders are housed.  (Complaint at 8.)

## DISCUSSION

**I.     ELEVENTH AMENDMENT**.

The Eleventh Amendment bars any suit against a state or state agency absent a valid waiver or abrogation of its sovereign immunity. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1, 10 (1890). This immunity applies regardless of whether a state or state agency is sued for damages or injunctive relief, Alabama v. Pugh, 438 U.S. 781, 782 (1978), and regardless of whether the plaintiff's claim arises under federal or state law, Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 121 (1984). While Congress may validly abrogate a state's sovereign immunity by statute, the Supreme Court has repeatedly emphasized that "§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity." Kentucky v. Graham, 473 U.S. 159, 169 n. 17 (1985); accord Quern v. Jordan, 440 U.S. 332, 342 (1979).

Both the Ninth Circuit and the Supreme Court have recognized that the "State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court." Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999); see also Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985), superseded on other grounds by statute, Rehabilitation Act Amendments of 1986, 42 U.S.C. § 2000d-7 (observing that the California Constitution does not waive the state's Eleventh Amendment immunity). In the context of prisoner lawsuits against CDCR, the Ninth Circuit has expressly and repeatedly held that CDCR is immune from suit under the Eleventh Amendment. See, e.g., Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009) ("The district court correctly held that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity."); Fulcher v. Cal. Dep't of

Corrs., 297 Fed. App'x 645, 646 (9th Cir. 2008) ("[T]he California Department of Corrections . . . is a state agency that is immune from liability under the Eleventh Amendment.").

Accordingly, Plaintiff's claims against the State of California and the CDCR are subject to dismissal pursuant to the Eleventh Amendment.

## II. CHALLENGE TO STATE LAW CRIMINALIZING PLAINTIFF'S BEHAVIOR CAUSED BY HIS MENTAL ILLNESS.

The exclusive method for challenging the fact or duration of a plaintiff's confinement is by filing a petition for a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005); see 28 U.S.C. § 2254(a). Such claims may not be brought in a section 1983 action. Nor may Plaintiff seek to invalidate the fact or duration of his confinement indirectly through a judicial determination that necessarily implies the unlawfulness of the state's custody. Wilkinson, 544 U.S. at 81. A section 1983 action is barred, no matter the relief sought, if success in that action would necessarily demonstrate the invalidity of confinement or its duration. Id. at 81-82; Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (unless and until favorable termination of the conviction or sentence, no cause of action under section 1983 exists for harm caused by actions whose unlawfulness would render a conviction or sentence invalid).

Here, Plaintiff's claims for injunctive relief seek his release from criminal custody. While a claim for prospective relief often does not call into question the validity of a plaintiff's confinement, see Edwards v. Balisok, 520 U.S. 641, 648 (1997), Plaintiff's claims here that the state law pursuant to which Plaintiff was convicted is unconstitutional directly challenge his criminal custody and he may not bring these claims in a section 1983 action. Wilkinson, 544 U.S. at 78. The fulcrum of Plaintiff's § 1983 claim is the allegation of unconstitutional convictions. Plaintiff does not allege, however, that his convictions were reversed on direct appeal or otherwise called into question. The holding of Heck is a close fit to such circumstances. Accordingly, the Heck bar applies to Plaintiff's claims that his criminal convictions or sentence for acts he committed as the result of a mental disorder violate the Eighth Amendment proscription against cruel and unusual punishment.

### III. GOVERNOR BROWN.

To state a claim against a particular individual defendant for violation of his civil rights under 42 U.S.C. § 1983, a plaintiff must allege that the defendant, acting under color of state law, deprived the plaintiff of a right guaranteed under the Constitution or a federal statute. Karim-Panahi, 839 F.2d at 624. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988), quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Thus, supervisory personnel generally are not liable under § 1983 on any theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 645- 46 (9th Cir. 1989). A supervisory official may be liable under § 1983 only if the official was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman, 942 F.2d at 1446-47; Hansen, 885 F.2d at 646; see also Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680 (9th Cir. 1984). "[S]upervisors can be held liable for: 1) their own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) for conduct that showed a reckless or callous indifference to the rights of others." Edgerly v. City and County of San Francisco, 599 F.3d 946, 961 (9th Cir. 2010) (internal quotations and citation omitted).

The allegations in the complaint are completely devoid of any specific factual allegations that Governor Brown engaged in any affirmative act, participated in another's affirmative act, or failed to perform an act that he was legally required to do that caused the deprivations of which Plaintiff complains. Thus, there is an insufficient causal connection between the alleged constitutional deprivations in the complaint and Governor Brown.

Accordingly, Plaintiff's allegations against Governor Brown must be dismissed. If Plaintiff chooses to file an amended complaint, he must allege facts demonstrating a specific and direct connection between the deprivation of Plaintiff's constitutional rights and the named defendants. The allegations are insufficient as presently stated.

*************

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.

If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3) be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment or document. The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a First Amended Complaint by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order.**

DATED: July 23, 2015

   /s/ John E. McDermott
   JOHN E. MCDERMOTT
   UNITED STATES MAGISTRATE JUDGE